# Cases

# FIFTH DEPARTMENT

AT

## GENERAL TERM,

### June, 1895.

ADELBERT P. LITTLE, Respondent, *v.* THE CITY OF ROCHESTER and SAMUEL B. WILLIAMS, Personally and as Treasurer of THE CITY OF ROCHESTER, Appellants.

*City of Rochester — assessment for street improvements — deducted from award — payment by mistake — when the city will be enjoined from collecting the assessment.*

By the provisions of the charter of the city of Rochester (Chap. 14 of the Laws of 1880) that city is not obliged to pay for the taking of any land for the widening of a street until after the confirmation of the assessment roll which shall be made for the expenses of such improvement, and when the assessment roll is made for the expenses of any improvement there must be made to appear on the face of it not only the amount of the assessment against any person, but also the amount of damages, if any, to which that person shall be entitled, "and the amount of the excess, if any, to be collected."

In August, 1892, the mayor of the city of Rochester, by the authority of an ordinance passed by the common council of said city for the widening of Wentworth street, entered into a contract with one Voshall, whereby Voshall agreed to convey to said city eighteen inches on the east side of his lot for a specified sum of money, the contract providing that there should be deducted from the consideration therein expressed the amount of the assessment to be made against said property for the improvement specified in the ordinance, and that the consideration was not to be paid until four months after the confirmation of the assessment.

After the execution of said contract, and before any assessment roll had been completed, one Little bought of Voshall the premises adjoining those contracted by Voshall to be sold to the city of Rochester, and took actual possession of the premises in April, 1893. On May 8, 1893, Voshall conveyed to Little the premises so sold to him, and also conveyed to the city the premises contracted by him to be sold to the city. The assessment roll was confirmed by the common council of said city on May 16, 1893.

On the 13th of May, 1893, Voshall obtained from the city attorney of Rochester an order upon the city treasurer, which stated that he was entitled to the amount of the award made to him for the eighteen inches of land to be applied upon the assessment therefor, or in case the amount of the award exceeded the assessment, then to the payment of the balance. The order was presented, but instead of deducting the amount of the assessment the treasurer paid to Voshall the whole amount of the award. After the confirmation of the assessment roll a notice was sent to Voshall to pay the whole amount of the tax, which notice was by him transferred to Little, and the city sought to make the land conveyed to Little liable for the whole amount of the tax.

Upon the trial of an action brought by Little to restrain such proceeding on the part of the city,

*Held,* that under the contract between the mayor of the city of Rochester and Voshall the land was not to be made amenable to any lien for the assessment unless the amount thereof was greater than the consideration paid for the land purchased of Voshall;

That at the time that Little purchased the property from Voshall it was certain that no assessment would be levied against the property to pay for the widening of Wentworth street, as the assessment was to be deducted from the consideration for the eighteen inches of land sold to the city by Voshall;

That the city had practically guaranteed that there should be no lien upon such property for such improvement unless the amount due to Voshall was less than the amount of the assessment against the land;

That the consequences of the mistake should not be visited upon Little, who had nothing to do with it, and that the city should be restrained from collecting the assessment against his land;

That there was no reason why Voshall should be made a party to an action to restrain the city, Little making no claim against him and having no right of action against Voshall.

APPEAL by the defendants, The City of Rochester and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 5th day of December, 1894, upon the decision of the court rendered after a trial at the Monroe Equity Term.

*A. J. Rodenbeck,* for the appellants.

*Walter S. Hubbell,* for the respondent.

Present — LEWIS, BRADLEY, WARD and WERNER, JJ.

Judgment affirmed, with costs, on opinion of RUMSEY, J., at Special Term.

The opinion of RUMSEY, J., was as follows:

RUMSEY, J. :

In the year 1892 the common council of the city of Rochester passed a final ordinance for the widening of Wentworth street in that city.    The usual proceedings were had for the taking of lands, and the executive board reported that the necessary land could be bought at a certain price, which appeared to the common council to be reasonable, and in pursuance of its authority on the 1st day of August, 1892, the mayor of Rochester made a contract with Charles W. Voshall, by which he agreed to convey to the city eighteen inches on the east side of his lot for the sum of $2,212.80.    It was further agreed in the contract that there should be deducted from the consideration above expressed the amount of the assessment made against said property for the improvement specified in final ordinance No. 4780, which was the final ordinance for the widening of Wentworth street.    The consideration was not to be paid until four months after the confirmation of the assessment roll for that ordinance.    By the provisions of the city charter it appears that the city is not obliged to pay for the taking of any land for the widening of a street until after the confirmation of the assessment roll which should be made for the expenses of said improvement.    (§ 196.) It further appears by section 191 of the charter that when the assessment roll is made for the expenses of any improvement there shall be made to appear on the face of it not only the amount of the assessment against any person, but also the amount of damages, if any, to which that person shall be entitled, " and the amount of the excess, if any, to be collected."    It is quite evident from this that the theory of the law is that there shall not be collected by assessment from any person any greater sum than the difference between the award which has been made to him and the assessment made against him, and, therefore, if the assessment is less than the award nothing whatever can be collected from his property.

After this contract had been made with Voshall, and before any assessment roll had been completed, the plaintiff bought of Voshall these premises on the corner of Wentworth street and West avenue, and took actual possession of them in the middle of April, 1893.    The assessment roll was duly made and was confirmed by a vote of the common council on the sixteenth day of May, at which time it became a lien upon the premises described in it.    (City Charter,

§ 215.)   On the eighth day of May Voshall conveyed to the plaintiff the premises which he agreed to sell to him, and he also conveyed to the city the eighteen inches which he had agreed to sell to it.   On the thirteenth day of May the city attorney gave to Voshall an order of which the following is a copy :

"CITY ATTORNEY'S OFFICE,

"ROCHESTER, N. Y., <i>May</i> 13, '93.

" <i>To the City Treasurer :</i>

"Charles W. Voshall and Caroline P. Voshall have this day delivered to me a duly executed and acknowledged deed of the parcel of land taken by the city of Rochester for the widening of Wentworth street in said city under final ordinance No.        , and is, therefore, entitled to the amount of the award made to them by the commissioners of appraisal therein, viz., twenty-two hundred twelve and eighty, one-hundredths dollars ($2,212$\frac{80}{100}$), to be applied upon the assessment therefor, or in case the award exceeds the assessment then to the payment to them of the balance.

" Respectfully yours,

"A. J. RODENBECK,

" <i>First Assistant City Attorney.</i>"

The order was presented, but instead of deducting the amount of the assessment the city treasurer paid to Voshall the whole amount of the award, being $2,212.80.   Shortly after the confirmation of the assessment roll a notice was sent to Voshall to pay the whole amount of the tax, which notice was by him transferred to Little, and the city now seeks to make the land conveyed to Little liable for the whole amount of this tax.   It is to restrain this proceeding on the part of the city that this action was brought.

The contract which was made between the mayor and Voshall was strictly within the provisions of the city charter as well as a compliance with the resolution of the common council, and by that contract the city bound itself not only to pay Voshall the amount of his award, but to deduct in the first place the amount of the assessment from the consideration for the land.   The result of this was that the land was not to be made amenable to any lien for the assessment unless the amount of the assessment was greater than the consideration paid for the land.

This was the situation between Voshall and the city at the time when Little made his contract for the purchase of the land. At that time it was certain that no assessment would be levied against this property to pay for the widening of Wentworth street, because the whole amount of the assessment was to be deducted from the consideration for the eighteen inches of land sold by Voshall. There was no cause, therefore, for Little to make any provision in his contract against this assessment, for there was no way at that time in which the assessment could become a lien upon his land. It is quite true that there was not at that time, and perhaps there never was, any relation between Little and the city with regard to this matter which could prevent the proper authorities of the city from changing this contract so as to pay to Voshall the whole amount of this award and leave the land liable for the whole amount of the assessment. But the city never undertook to do anything of the kind. Neither the city attorney nor the city treasurer had any right to modify or change the contract which had been made by the mayor under the authority of the common council. Nor did they attempt to make any change. The direction to the city treasurer was simply to pay to Voshall the balance which was due after deducting the assessment. There was no intention on the part of the city treasurer to do anything else, and that anything else was done was only the result of mistake which occurred somewhere in his office.

The position which the three parties occupied with relation to this assessment was this : The city had the right to deduct the amount of this assessment, in the first instance, from the consideration which it was to pay to Voshall. If that were done there would be no lien upon the land arising from this assessment, and unless there was a lien on account of the assessment the plaintiff here could not be subjected to the payment of any part of that sum.

So far as the land was concerned, therefore, the city had practically guaranteed that there should be no lien upon it for this improvement unless the award to Voshall was less than the amount of the tax against this land. So long as that condition of affairs existed the plaintiff has the right to insist that there shall be no effort made to collect from his land the amount of this tax which the city has agreed to deduct from the consideration going to

Voshall. The contract between Voshall and the city has never been changed, and the payment of the full amount of this consideration by the city treasurer was clearly a mistake. The question arising here, therefore, is who must bear the consequences of this mistake? Must it be visited upon the plaintiff, who has had nothing to do with it, or must the city look to Voshall for the money which its officer unwittingly paid him, and recover it from him?

It seems to me that there can be no difficulty in answering that question. Whoever else may have been to blame it is clear that the plaintiff was not. The person in the first place responsible for this overpayment is Voshall, because the plainest principles of good faith called upon him to advise the city treasurer that there was an assessment to be deducted from this consideration, and that he was only entitled to the balance after deducting the assessment.

The mistake was undoubtedly the mistake of some person in the city treasurer's office acting for the city treasurer, and was one of which Voshall was ready to take advantage. But whoever committed the mistake, in the office of the city treasurer, was the agent, not of the plaintiff, but of the city, and the rule should apply that where one of two innocent parties must sustain a loss from the fraud of a third such loss should fall upon the one, if either, whose act has enabled the fraud to be committed. (_Moore_ v. _Metropolitan National Bank_, 55 N. Y. 41, 47.) The case at bar is a very proper one for the application of that rule. As we have seen, the city was bound by its contract to deduct the amount of this assessment from the consideration to be paid to Voshall. If that had been done no harm could come to any one by reason of this assessment, but the burden of it would have fallen where it was expected and was proper that it should fall.

The defendant's attorney claims that it was competent for the city to have changed this contract and agreed to pay the whole of the consideration to Voshall, and to have collected the whole of the assessment from the property. In view of the provisions of section 191 of the charter it is doubtful whether this claim is well founded or not. But however that may be, it is not doubtful that no attempt was made by the city to make any change in this contract. I am not referred to any provision of the law which authorizes the city treasurer to make any such change. His duty is simply to pay the

money as required by the contract and when the contract provides. If he had confined himself to that this litigation would not have arisen.

I can see no reason why Voshall and his wife should be made parties to this action. The plaintiff makes no claim against them, and has, so far as I can see, no right of action against them. Undoubtedly the city has a right of action to recover this money which was paid by mistake, but that is a matter with which the plaintiff has no concern whatever, and there is no reason why he should bring these persons into this litigation.

For the reason thus stated the plaintiff is entitled to the relief which he asks.